**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Shawn Karr,

                 Plaintiff,

v.

State of Arizona, et al.,

                 Defendants.

No. CV-20-01048-PHX-DWL (ESW)

**ORDER**

## INTRODUCTION

This is a prisoner civil rights action in which Plaintiff Shawn Karr ("Plaintiff"), who is represented by counsel, alleges that Defendant Maria Pena (" Maria Pena"), a corrections officer employed by the Arizona Department of Corrections ("ADC"), allowed two inmates to enter a corridor where Plaintiff was working and "relentlessly assault[]" him. (Doc. 8 ¶¶ 11-12, 20-21.) Since the outset of this case, Maria Pena has maintained that she is the victim of mistaken identity because she was not even working on the night of the assault. Eventually, Maria Pena moved for summary judgment on this basis. Although Plaintiff initially opposed Maria Pena's motion, he now concedes that the guard on duty on the night of the assault was Soledad Pena, not Maria Pena. Accordingly, Plaintiff agrees that Maria Pena's summary judgment motion may be granted but requests leave to amend his complaint to add Soledad Pena as a defendant. (Doc. 46.) As discussed below, this amendment request is denied because Plaintiff did not act with diligence in pursuing it, as required by Rule 16(b)(4) of the Federal Rules of Civil Procedure.

**RELEVANT BACKGROUND**

On April 7, 2020, Plaintiff initiated this action by filing a complaint in Maricopa County Superior Court.  (Doc. 1 ¶ 1.)

On May 28, 2020, the action was removed to federal court.  (Doc. 1.)

On August 3, 2020, Plaintiff filed the first amended complaint ("FAC"), which is his operative pleading.  (Doc. 8.)  It alleges that the underlying assault took place "[o]n or about April 8, 2019" (*id.* ¶ 19), although Plaintiff has since clarified that the assault actually "took place sometime around 8:00 p.m. on April 9, 2019" (Doc. 38 at 2).  Plaintiff's sole claim against Maria Pena is a claim under 42 U.S.C. § 1983 for exhibiting deliberate indifference to his safety and welfare.  (Doc. 8 ¶¶ 35-44.)[1]

On September 29, 2020, the Rule 16 scheduling order issued.  (Doc. 18.)  As relevant here, it provided that "[t]he deadline for joining parties, amending pleadings, and filing supplemental pleadings is sixty (60) days from the date of this Order."  (*Id.* at 2.)  In other words, the scheduling order set a deadline of late November 2020 for amending the pleadings.

At some point during the discovery process, likely on October 14, 2020, Plaintiff received ADC's "Daily Post Sheet"—another word for the attendance log—for the date of the assault, April 9, 2019.  (Doc. 46-2.)[2]  This document reflects that Soledad Pena (but not Maria Pena) was working that day.  (*Id.*)  During the discovery process, Plaintiff also received Maria Pena's "Positive Attendance Report," which reflects that Maria Pena did not work on April 8 or 9, 2019.  (Doc. 33-2.)

On January 29, 2021, Maria Pena filed an early summary judgment motion that was premised, in part, on the argument that "she was not working . . . on the day of the alleged

---

[1]     The FAC also asserts a state-law claim for gross negligence (Doc. 8 ¶¶ 45-58), but Plaintiff subsequently dismissed that claim as to Maria Pena (Doc. 21).

[2]     Although Plaintiff identifies the receipt date as "October 14, 2021" (Doc. 46 at 2), this is obviously an error—October 14, 2021 is a future date that has not yet occurred.  In all likelihood, the year was a typographical error and the receipt date was October 14, 2020—it strikes the Court as less likely that the month was written in error.  At any rate, Plaintiff explains that he took action in March 2021 in reliance on the document (which necessarily means the disclosure took place before then).

assault." (Doc. 32 at 3.) This motion emphasized that "Plaintiff's attorney has been informed repeatedly that [Maria] Pena was not working on the day of the assault," yet "Plaintiff inexplicably refuses to dismiss his claim against [Maria] Pena." (*Id.* at 1.) In support of her mistaken-identity argument, Maria Pena submitted a variety of evidence, including her own declaration (Doc. 33-2 at 39-40 ¶ 9 ["I was not at Rast Unit or in the control room for any reason on April 8 or April 9, 2019."]) and one of the previously mentioned attendance logs (Doc. 33-2).

Around the time she filed her summary judgment motion, Maria Pena also propounded requests for admission ("RFAs") to Plaintiff. (Doc. 42-1 at 5.) Among other things, the RFAs asked Plaintiff to "[a]dmit that Maria Pena was not working at the Rast Unit on April 9, 2019." (*Id.*)

On March 11, 2011, Plaintiff filed his response to Maria Pena's summary judgment motion. (Doc. 38.) In this filing, Plaintiff doubled-down on his claim that Maria Pena was the corrections officer on duty on the night of the assault. (Doc. 38 at 6 ["Plaintiff is adamant that COII Pena was the correctional officer who facilitated the attack on Plaintiff by opening the doors with knowledge the other inmates were there to attack Plaintiff. Thus, a jury could reasonably conclude that Defendant Pena began her shift on April 9, 2019 and ended her shift in the morning on April 10, 2019."].) In support of this claim, Plaintiff submitted his own declaration, in which he avowed that "COII Pena" was the guard on duty on the night of the assault. (Doc. 39-2 at 3 ¶¶ 6-9.) However, Plaintiff also argued, in the alternative, that he should be granted leave under Rule 56(d) to conduct additional discovery into the mistaken-identity issue. (*Id.* at 4-6.) Finally, and seemingly as yet another alternative, Plaintiff argued in passing that "[i]f it is a different correctional officer Pena, Plaintiff requests leave to amend the Complaint to name the correct officer." (*Id.* at 6-7.) Plaintiff did not, however, submit a redlined version of a proposed amended complaint, as required by LRCiv 15.1(a).

On June 28, 2021, Maria Pena filed a supplement to her summary judgment motion. (Doc. 42.) The supplement establishes that Plaintiff never responded to the January 2021

RFA discussed above, despite multiple follow-up inquiries, and argues that Plaintiff's failure to respond should, under Rule 36, be deemed a conclusive admission that she wasn't working on the night in question.  (*Id.*)

On July 8, 2021, the Court issued an order addressing the merits of the Rule 36 issue.  (Doc. 43.)   The order explained that, "even though the evidence previously submitted by Plaintiff regarding [Maria] Pena's presence on April 9, 2019 . . . might otherwise be sufficient to create a triable issue of fact, it appears to the Court that, on this record, [Maria] Pena is entitled to summary judgment." (*Id.* at 3.)  However, the order also explained that, "[b]efore issuing an order to that effect, . . . the Court will give Plaintiff an opportunity to be heard." (*Id.*)  Thus, Plaintiff was ordered to "show cause why [Maria] Pena's motion for summary judgment should not be granted in light of his deemed admission to the RFA concerning Defendant Pena's presence on April 9, 2019." (*Id.* at 4.)

On July 15, 2021, Plaintiff filed his response.  (Doc. 46.)  In this filing, Plaintiff concedes that Maria Pena's summary judgment motion may be granted based on the mistaken-identity issue.  (*Id.* at 1-2 ["Plaintiff does not object to the dismissal of Defendant Maria Pena in this matter. . .  [because] Plaintiff has now learned that Soledad Pena was operating the A/B Controls for the particular unit on April 9, 2019, when the subject incident occurred."].)   Additionally, Plaintiff reveals some information that he did not disclose in previous filings.  Specifically, Plaintiff discloses that he received documents in October 2020[3] that "first provided Plaintiff with the identity of Soledad Pena" and further discloses that, on March 10, 2021, he "served a Notice of Claim on Soledad Pena." (*Id.* at 2.)  Plaintiff proceeds to identity various reasons why his potential claims against Soledad Pena should be deemed timely under state and federal law (*id.* at 2-3) and formally moves, pursuant to "Ariz. R. Civ. P. 15," for leave to amend his complaint to add Soledad Pena as a defendant (*id.* at 3).  Plaintiff also provides, as an attachment to his response, a redlined version of the proposed new complaint.  (Doc. 46-1.)

…

---

[3]     *See supra* n.2.

- 4 -

1

**DISCUSSION**

2          As an initial matter, Maria Pena's motion for summary judgment (Doc. 32) is

3    granted.  Plaintiff concedes that the motion may be granted (Doc. 46) and Maria Pena is,

4    at any rate, entitled to relief based on Plaintiff's deemed admissions (Doc. 43).

5          As for Plaintiff's amendment request, Plaintiff argues the request is governed by

6    Rule 15's liberal amendment standards and focuses solely on whether his proposed new

7    claims against Soledad Pena would be barred by the statute of limitations—analysis that

8    appears intended to address the issue of futility, which is a relevant consideration under

9    Rule 15.  The difficulty with this approach is that, because Plaintiff's amendment request

10   comes long after the November 2020 amendment deadline set forth in the scheduling order,

11   it is governed by Rule 16(b)(4)'s "good cause" standard.  *Johnson v. Mammoth*

12   *Recreations, Inc.*, 975 F.2d 604, 607-608 (9th Cir. 1992).  "Unlike Rule 15(a)'s liberal

13   amendment policy . . . , Rule 16(b)'s good cause standard primarily considers the diligence

14   of the party seeking the amendment." *Id.* at 609.  Under the Rule 16(b) standard, "the focus

15   of the inquiry is upon the moving party's reasons for seeking modification.  If that party

16   was not diligent, the inquiry should end." *Id.*

17         Here, Plaintiff was not diligent in pursuing his amendment request.  His most recent

18   filing reveals that he likely received information in October 2020—or if not then, at some

19   point before March 2021—suggesting that Soledad Pena was the Pena-surnamed guard on

20   duty at the time of his assault, yet he did not make a meaningful and effective effort to

21   amend his complaint to add Soledad Pena as a defendant until July 2021.[4]  "Ideally, a party

22   will move to amend within weeks of learning new information." *Story v. Midland Funding*

23   *LLC*, 2016 WL 5868077, *2-3 (D. Or. 2016).  A delay of four-plus months does not present

24   a close call on the issue of diligence.  *See, e.g., Zivkovic v. S. California Edison Co.*, 302

---

25   [4]       As noted, Plaintiff tucked an undeveloped and cursory amendment request into his
26   summary judgment response brief, which was filed in March 2021.  (Doc. 38 at 5-6.)  This
     was not an effective way to seek leave to file an amended complaint.  First, Plaintiff's
27   approach violated LRCiv 15.1(a), because Plaintiff did not provide a redlined version of
     the proposed new complaint.  Second, and more important, a plaintiff seeking leave to file
     an amended complaint is "[t]ypically  . . . required to make an explicit motion (arguments
28   and requests buried in briefs opposing the motion to dismiss usually will not do)." Gensler,
     1 Federal Rules of Civil Procedure: Rules and Commentary, Rule 12, at 340 (2021).

F.3d 1080, 1087-88 (9th Cir. 2002) (district court properly denied amendment request because "Zivkovic's counsel did not seek to modify that order until four months after the court issued the order"); *Johnson*, 975 F.2d at 610 (same); *Gonzalez v. US Human Rights Network*, 2021 WL 2226191, *4 (D. Ariz. 2021) ("Even accepting Plaintiff's timeline, Plaintiff had sufficient information to assert her racial discrimination claim by February 2021 at the latest. Nevertheless, Plaintiff waited until May 7, 2021, more than two months after that discovery, before filing the pending motion for leave to amend. That length of time is not consistent with reasonable diligence.") (citations omitted); *MiCamp Sols. LLC v. Nat'l Processing LLC*, 2021 WL 289661, *3 (D. Ariz. 2021) ("That Plaintiff filed the motion nearly one month after [discovering relevant facts] does not indicate diligence."); *Sako v. Wells Fargo Bank, Nat'l Ass'n*, 2015 WL 5022326, *2 (S.D. Cal. 2015) ("Courts have held that waiting two months after discovering new facts to bring a motion to amend does not constitute diligence under Rule 16.").

Plaintiff's lack of diligence in pursuing the amendment request is underscored by the revelation that Plaintiff filed a notice of claim—a state-law precursor to liability—against Soledad Pena on March 10, 2021. This shows that, by March 10, 2021, Plaintiff had sufficient notice that Soledad Pena was the guard on duty during his assault. Nevertheless, the very next day after he filed this notice of claim, Plaintiff submitted an opposition to Maria Pena's summary judgment motion in which he expressed his "adamant" disagreement with the notion that she was a victim of mistaken identity. (Doc. 38 at 6.) This, too, was inconsistent with a diligent attempt to amend the complaint to add Soledad Pena as a defendant.

…

…

…

…

…

…

Accordingly,

**IT IS ORDERED** that:

(1)     Maria Pena's motion for summary judgment (Doc. 32) is **granted**.

(2)     Plaintiff's response to the order to show cause (Doc. 46), which the Court construes as a motion for leave to file an amended complaint, is **denied**.

Dated this 20th day of July, 2021.

_____

Dominic W. Lanza
United States District Judge